# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>and )<br> )<br>THE STATES OF CALIFORNIA, )<br>COLORADO, CONNECTICUT, )<br>DELAWARE, FLORIDA, GEORGIA, )<br>HAWAII, ILLINOIS, INDIANA, IOWA, )<br>LOUISIANA, MASSACHUSETTS, )<br>MICHIGAN, MINNESOTA, MONTANA, )<br>NEVADA, NEW JERSEY, NEW MEXICO, )<br>NEW YORK, NORTH CAROLINA, )<br>OKLAHOMA, RHODE ISLAND, )<br>TENNESSEE, TEXAS, VERMONT, )<br>VIRGINIA, WASHINGTON, AND THE )<br>DISTRICT OF COLUMBIA )<br>ex rel. )<br>LEANNE HOUSTON )<br> )<br>            Relator, )<br>vs. )<br> )<br>MEDTRONIC PLC, MEDTRONIC INC., )<br>COVIDIEN PLC, MCLEOD HEALTH INC., )<br>and HCA HEALTHCARE, INC. )<br> )<br>            Defendants. )<br> ) | Civil Action No.: 2:20-cv-03367-BHH<br><br>**MOTION FOR LEAVE TO ISSUE SUBPOENA** *DUCES TECUM* |

      Plaintiff-Relator Leanne Houston, through undersigned counsel, hereby moves under Rule 26(d)(1) of the Federal Rules of Civil Procedure for leave to serve a subpoena *duces tecum* on the United States to obtain data compiled from its investigation of Relator's complaint that Medtronic PLC, Medtronic Inc., and Covidien PLC (collectively, "Medtronic") caused false claims to be submitted for payment by the Government in violation of 31 U.S.C. §§ 3729 *et seq.*

      A single early subpoena is warranted here because (1) the documents Relator seeks have already been compiled by the United States and (2) providing this information to Relator now will

avoid a pointless academic debate in the pleading stage about factual matters which have already been established by investigation of the Complaint's allegations.

## I.      Legal Standard

"A party may not seek discovery from any source" before the Rule 26(f) conference, unless "authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery may be conducted by court order for good cause shown. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (collecting cases showing "a majority of courts have adopted the 'good cause' standard"). "The scope and conduct of discovery are within the sound discretion of the district court." *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988). A district court has "great flexibility" to order discovery and to adjust the timing of discovery. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37–38 (D. Md. 2000).

## II.     Argument

This motion should be granted because the information Relator seeks has already been gathered by the party in whose name she pleads and on whose behalf she prosecutes this action. Furnishing this information now to Relator, to be used in drafting and serving an amended complaint, will allow the Court to forego a purely academic pleading debate that otherwise will occur in a vacuum without the benefit of facts that are actually already known to the real party in interest—for example, that Medtronic caused the Government to pay for defective tissue staplers that caused actual harm to patients.

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Here the Court has discretion, but in exercising discretion, several district courts have weighed five factors: (1) whether a preliminary

injunction was pending; (2) the breadth the discovery; (3) the purpose for expediting; (4) the burden on the defendants to comply; and (5) how far in advance of the typical discovery process the request was made. *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (these factors are "guidelines" for the exercise of discretion). These factors are discussed in turn.

*First*, there is no preliminary injunction pending. The pendency of an injunction is often grounds to deny expedited discovery under the rationale that the need for haste is obviated by the court's injunction. *E.g.*, *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019) ("Given that the Court has already determined that a preliminary injunction should issue, this factor cuts against granting expedited discovery."). Accordingly, this factor either weighs in favor of granting the motion or is of no weight for or against.

*Second*, the breadth of the proposed discovery is exceedingly narrow. Relator merely seeks claims data already compiled by the United States concerning specific Medtronic products and purchase agreements over a discrete period in response to Relator's complaint. There is no prejudice to the Government nor to Medtronic because the subpoena would require nothing from Medtronic at all, and nothing from the Government that has not already been done. Further, Relator only requests leave to issue a subpoena. If the Government believes the subpoena is objectionable, it can move to quash or modify the subpoena. Therefore, this factor weighs heavily in Relator's favor.

*Third*, the purpose for expediting this request is to ensure this action is not bogged down in a purely academic debate about the pleadings that invites the Court to guess about facts that are known but not disclosed to the Court. Therefore, this factor weighs heavily in Relator's favor.

3

*Fourth*, there is no burden to Defendants as the subpoena would be directed from Relator to the United States, who is the real party in interest. Therefore, this factor weighs heavily in Relator's favor.

*Fifth*, this request is only a modest departure from the ordinary litigation procedure in this District, in that it seeks leave to issue a single subpoena from one plaintiff to another plaintiff for the purpose of allowing the issuing plaintiff to properly plead claims on behalf of the receiving plaintiff. Allowing a single subpoena between parties on the same side now surely makes more sense than requiring Relator to plead on behalf of the Government before seeing whether the Government's information supports the pleading on its behalf. Therefore, this factor weighs heavily in Relator's favor.

### III. Conclusion

Relator should be authorized to issue a subpoena *duces tecum* to the United States to obtain data compiled from its investigation of Relator's complaint that Medtronic caused false claims to be submitted for payment by the Government in violation of 31 U.S.C. §§ 3729 *et seq.*

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29201
(803) 252-4848
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR PLAINTIFF-RELATOR

July 16, 2024
Columbia, South Carolina.