IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | C.A. No. 2:20-cv-03367-BHH |
| and | ) | |
| THE STATES OF CALIFORNIA, | ) | |
| COLORADO, CONNECTICUT, | ) | |
| DELAWARE, FLORIDA, GEORGIA, | ) | |
| HAWAII, ILLINOIS, INDIANA, | ) | |
| IOWA, LOUISIANA, MARYLAND, | ) | |
| MASSACHUSETTS, MICHIGAN, | ) | |
| MINNESOTA, MONTANA, NEVADA, | ) | |
| NEW JERSEY, NEW MEXICO, NEW | ) | |
| YORK, NORTH CAROLINA, | ) | |
| OKLAHOMA, RHODE ISLAND, | ) | |
| TENNESSEE, TEXAS, VERMONT, | ) | |
| VIRGINIA, WASHINGTON, AND | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| ex rel. | ) | |
| LEANNE HOUSTON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDTRONIC PLC, MEDTRONIC | ) | |
| INC., COVIDIEN PLC, MCLEOD | ) | |
| HEALTH INC., and HCA | ) | |
| HEALTHCARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' PARTIAL OPPOSITION TO RELATOR'S MOTION TO DISMISS
DEFENDANT MCLEOD HEALTH INC. WITH PREJUDICE**

Relator Leanne Houston ("Relator") filed this False Claims Act ("FCA") *qui tam* suit on behalf of the United States against multiple defendants, including McLeod Health Inc. ("McLeod") on September 23, 2020. (ECF No. 1). The government declined to intervene in this action on November 22, 2023. (ECF No. 25.) On November 27, 2023, the Court unsealed the action and ordered Relator to serve her complaint on the defendants by February 26, 2024. (ECF No. 26). In

the subsequent eight months, Relator has not served her complaint. Rather, she has asked for and received four extensions of time to serve an amended complaint on Defendants. The current deadline for Relator to serve her amended complaint is August 23, 2024. (ECF No. 52.)

On July 16, 2024, Relator moved to dismiss her claims against McLeod with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because "she must confess that she cannot state a claim against McLeod satisfying the applicable pleading standards." (ECF No. 49 ("Mot."), at 3.)

The FCA permits a relator to maintain a *qui tam* action in the name of the United States, but directs that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). Relator represents that the United States will not consent to dismissal with prejudice. Mot. at 1. That is only partially accurate. As the United States informed Relator before she filed her motion (*see* Email Communication Between Counsel, attached as Exhibit 1), the United States does not object to Relator dismissing her claims with prejudice *as to herself*. The United States' only objection is to Relator's dismissal of McLeod with prejudice as to the United States.

Relator states that she has moved for McLeod to be dismissed with prejudice in order to avoid "forcing Relator and McLeod to engage in useless litigation to get to that result." (ECF No. 49, at 3.) This makes no sense. As the United States advised Relator prior to the filing of her motion (*see* Exhibit 1), Federal Rule of Civil Procedure 41 expressly permits a voluntary dismissal by the plaintiff and would require no motion practice at all. Relator could simply file a notice of dismissal—with prejudice to herself, should she so desire—without resort to a needless Rule 12(b)(6) motion to dismiss her own claim. Unsatisfied with dismissal with prejudice only as to herself, Relator has ignored this option and instead filed a motion seeking dismissal of the United

2

States with prejudice despite knowing that (1) she cannot seek dismissal with prejudice as to the United States without its consent, and (2) she does not have the United States' consent. As a result, it is the United States that has been forced to engage in "useless litigation" to preserve its interests.[1]

The Government's opposition to dismissal with prejudice *as to the United States* is derived directly from Federal Rule of Civil Procedure 41(a)(1). That rule contemplates that any voluntary dismissal by a plaintiff prior to the service of an answer is without prejudice by default. Fed. R. Civ. P. 41(a)(1)(B); *see Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 826 (2d Cir. 2014) ("the consent requirement of the False Claims Act may be incorporated into Rule 41(a)(1) without disturbing the rule's usual presumption in favor of dismissal without prejudice"). The Government knows of no legal authority requiring dismissal with prejudice where, as here, McLeod has not even been served with the complaint.

Although she styles it as a Rule 12(b)(6) motion, Relator is voluntarily seeking dismissal of her own claim. Relator suggests that it is procedurally appropriate to file a Rule 12(b)(6) motion to dismiss her own claim because "the rule provides that the motion may be made by 'a party' to the action." Mot. at 1 n.1. But Rule 12(b) (titled "How to Present Defenses") instead states that "a party *may assert the following defenses* by motion") (emphasis added). Rule 12 concerns defensive motions and does not anticipate that a plaintiff would file a Rule 12 motion to dismiss her own claim with prejudice. Relator offers no support for this contrived interpretation of the Federal Rules of Civil Procedure.

---

[1] The Motion does not explain Relator's motivation for pursuing dismissal of McLeod with prejudice as to the United States. Relator's tactic departs from the typical practice in this District. *See, e.g.,* Relator Wade Riner's Notice of Voluntary Dismissal, *U.S. ex rel. Riner v. Wexford Plantation, et al.*, Civ. No. 2:23-cv-704-BHH (D. S.C. Apr. 8, 2024), ECF No. 14 (voluntarily dismissing action with prejudice as to relator and without prejudice as to the United States).

Relator also fails to offer any valid justification to dismiss McLeod with prejudice as to the Government over the Government's objection, in contravention of 31 U.S.C. § 3730(b)(1).  *See United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1397 (9th Cir.1992) ("To hold that the government's initial decision not to take over the *qui tam* action is the equivalent of its consent to a voluntary dismissal of a defendant with prejudice would require us to ignore the plain language of § 3730(b)(1)").  Relator has concluded that she lacks the ability to assert claims against McLeod.  But neither the United States nor other potential relators with more knowledge of McLeod's conduct should be precluded from bringing a future action based on new evidence or other reasons supporting a decision to file suit.  When a relator voluntarily decides to quit—as Relator is doing here—it makes little sense to bind the Government to that decision.  *See Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter*, 575 U.S. 650, 663 (2015) ("Why would Congress want the abandonment of an earlier suit [not decided on the merits] to bar a later potentially successful suit that might result in a large recovery for the Government?").

Relator suggests that her motion is a shortcut from the other option she apparently considered—affecting the dismissal with prejudice to the Government over its objection by deliberately filing a complaint that fails to meet pleading standards.  Mot. at 2.  However, courts have rightly declined to extend a dismissal with prejudice to the government when a relator's complaint in a non-intervened case is dismissed with prejudice due to the relator's pleading deficiency.  *See United States ex rel. Rostholder v. Omnicare, Inc.*, No. CIV. CCB-07-1283, 2012 WL 3399789, at *15 (D. Md. Aug. 14, 2012), *aff'd*, 745 F.3d 694 (4th Cir. 2014) (granting motion to dismiss case pursuant to Rule 12(b)(6) with prejudice as to relator and without prejudice as to the United States); *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455–56 (5th Cir. 2005) (district court abused its discretion by dismissing Government with prejudice after

finding relator's complaint deficient under Rule 9(b)); *United States ex rel. Vaughn v. United Biologics, L.L.C.,* 907 F.3d 187, 194 (5th Cir. 2018) (same).  As the *Rostholder* court explained, the government's decision not to intervene "does not suggest that the government necessarily believed that no FCA case was viable," and it would therefore be inappropriate to dismiss the claim with prejudice as to the United States, even when the relator's claim is dismissed with prejudice pursuant to Rule 12(b)(6).  2012 WL 3399789, at *15.  Similarly, in *United States ex rel. Watt v. VirtuOx, Inc.*, the court initially dismissed the relator's non-intervened complaint with prejudice under Rule 12(b)(6).  In a subsequent order clarifying the dismissal, the court held that the dismissal was without prejudice to the Government, as "the dismissal had everything to do with [the relator's] failure to carry her burden of stating a claim and very little to do with whether [the defendant] may have actually violated any provisions of the False Claims Act."  *Watt*, No. 19-61084-CIV, 2021 WL 6062721, at *1 (S.D. Fla. Dec. 22, 2021).

Nor does Relator's motion provide a basis for a judgment on the underlying legal merits of her claim.  She proffers only her personal opinion that, based on her own investigation, McLeod "has done nothing illegal" and "should not be a defendant."  Mot. at 2.  Certainly, no defendant would find success in moving for dismissal with prejudice on these bare grounds.

Relator weakly asserts that dismissal of McLeod with prejudice is appropriate because McLeod spent time and resources cooperating with the government's investigation, and because Relator's complaint accusing McLeod of fraud is publicly filed.  Mot. at 2.  But this is true of any defendant in an FCA action.  It provides no basis for a dismissal with prejudice to the United States when the United States had no role in Relator's decision to assert claims against McLeod in the first place.

Although Relator claims that her motion is not motivated by any agreement or promise of payment from McLeod (Mot. at 3), the dangers of endorsing Relator's approach are readily apparent. The FCA could be subject to manipulation if relators were permitted to file *qui tam* complaints against defendants and then blithely move to dismiss them "on the merits" with prejudice to the United States pursuant to Rule 12(b)(6)—when the "merits" are nothing more than the relator's say-so and the prejudice is nothing more than the investigation and public filing triggered by the relator's suit itself.

## CONCLUSION

Pursuant to 31 U.S.C. § 3730(b)(1), the United States consents to the dismissal of McLeod from this action without prejudice as to the United States and with prejudice as to Relator based on its determination that such dismissal is commensurate with the public interest. The United States respectfully requests that the Court deny Relator's Motion to Dismiss to the extent it seeks to dismiss McLeod from this action with prejudice as to the United States.[2]

---

[2] Relator did not confer with the Plaintiff States, on whose behalf she is pursuing this action, prior to filing the motion for dismissal of McLeod, nor did she serve the Plaintiff States with a copy of the motion. The United States has conferred with Demetra Lewis, Deputy Attorney General for the State of California, regarding the motion. Ms. Lewis has represented to the undersigned that the Plaintiff States also consent to dismissal of McLeod with prejudice as to Relator and without prejudice as to the Plaintiff States, but object to dismissal of McLeod with prejudice as to the Plaintiff States. Within each Plaintiff State's False Claims Act, government consent to a dismissal by Relator is required analogous to section 3730(b)(1) of the federal False Claim Act. The relevant state statutes are as follows: Cal. Govt. Code § 12652, subd. (c)(1)(California), Colo. Rev. Stat. (C.R.S.) § 25.5-4-306(2) (Colorado), Conn. Gen. Stat. § 4-277 (a) (Connecticut), 6 Del. C. § 1203(b)(1) (Delaware), O.C.G.A. § 49-4-168.2(b) (Georgia), 740 ILCS 175/4(b)(1) (Illinios), Ind. Code § 5-11-5.7-4(b) (Indiana), Iowa Code § 685.3(2)(a) (Iowa), Mass. Gen. Laws Chapter 12, § 5C(2) (Massachusetts), Minn. Stat. § 15C.05(a) (Minnesota), M.C.L. § 400.610a, § 10a (Michigan), Mont. Code Ann. § 17-8-403(6)(a) (Montana), NRS § 357.080(1) (Nevada), NM Law Section 27-14-7(B) (New Mexico), NY State Fin. Law § 190(5)(a) (New York), NC Gen Stat § 1-608(b)(1) (North Carolina), Okla. Stat. tit. 63 § 5053.2(B)(1) (Oklahoma), R.I. Gen. Laws Ann. §9-1.1-4(b)(1) (Rhode Island), Tenn. Code Ann. § 71-5-183(b)(1) (Tennessee), Tex. Hum. Res. Code § 36.102(e) (Texas), 32 V.S.A. § 632 (b)(2)

        Respectfully submitted,

        BRIAN BOYNTON
        Principal Deputy Assistant Attorney General

        ADAIR F. BOROUGHS
        United States Attorney

By:  s/Nancy G. Cote
      Nancy Gunter Cote (#12530)
      Assistant United States Attorney
      1441 Main Street, Suite 500
      Columbia, S.C. 29201
      Telephone (803) 929-3000
      Email address: nancy.cote@usdoj.gov

      JAMIE ANN YAVELBERG
      DAVID WISEMAN
      KIMBERLY FRIDAY
      Attorneys, Civil Division
      U.S. Department of Justice
      175 N Street NE
      Washington, DC 20002
      Telephone: (202) 451-7655
      Email address: Kimberly.i.Friday@usdoj.gov

      *Attorneys for the United States of America*

July 30, 2024

---

(Vermont), Va. Code § 8.01-216.5(A) (Virginia), D.C. Code § 2-381.03(b)(1)(District of Columbia).  The state of Maryland is no longer a Plaintiff State because its claims have been previously dismissed without prejudice.