IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | C.A. No. 2:20-cv-03367-BHH |
| and | ) | |
| THE STATES OF CALIFORNIA, | ) | |
| COLORADO, CONNECTICUT, | ) | |
| DELAWARE, FLORIDA, GEORGIA, | ) | |
| HAWAII, ILLINOIS, INDIANA, | ) | |
| IOWA, LOUISIANA, MARYLAND, | ) | |
| MASSACHUSETTS, MICHIGAN, | ) | |
| MINNESOTA, MONTANA, NEVADA, | ) | |
| NEW JERSEY, NEW MEXICO, NEW | ) | |
| YORK, NORTH CAROLINA, | ) | |
| OKLAHOMA, RHODE ISLAND, | ) | |
| TENNESSEE, TEXAS, VERMONT, | ) | |
| VIRGINIA, WASHINGTON, AND | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| ex rel. | ) | |
| LEANNE HOUSTON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDTRONIC PLC, MEDTRONIC | ) | |
| INC., COVIDIEN PLC, MCLEOD | ) | |
| HEALTH INC., and HCA | ) | |
| HEALTHCARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO RELATOR'S
MOTION FOR LEAVE TO ISSUE SUBPOENA *DUCES TECUM***

The United States submits this opposition to Relator's Motion For Leave to Serve a Subpoena *Duces Tecum* on the United States, ECF No. 50 ("Motion" or "Mot."). The Court should deny Relator's Motion because the United States did not collect the claims data Relator intends to seek in her subpoena, and even if the United States had collected the claims data, Relator has not established good cause to issue the subpoena.

I.      **Background**

Relator Leanne Houston ("Relator") filed this False Claims Act ("FCA") *qui tam* suit on behalf of the United States on September 23, 2020. (ECF No. 1). The government declined to intervene in this action on November 22, 2023. (ECF No. 25.) On November 27, 2023, the Court unsealed the action and ordered Relator to serve her complaint on the defendants by February 26, 2024. (ECF No. 26). In the subsequent eight months, Relator has not served her complaint. Rather, she has asked for and received four extensions of time to serve an amended complaint on the Defendants. The current deadline for Relator to serve her amended complaint is August 23, 2024. (ECF No. 52.)

On July 16, 2024, Relator moved for leave to serve a subpoena *duces tecum* on the United States "to obtain data compiled from its investigation of Relator's complaint that Medtronic PLC, Medtronic Inc., and Covidien PLC (collectively, 'Medtronic') caused false claims to be submitted for payment by the Government in violation of 31 U.S.C. §§ 3729 *et seq.*" Mot. at 1. Relator did not confer with the United States about this request prior to filing the motion, did not send the United States a copy of the proposed subpoena, and did not attach the proposed subpoena to her motion, but represents that Relator "merely seeks claims data already compiled by the United States concerning specific Medtronic products and purchase agreements over a discrete period in response to Relator's complaint." *Id.* at 3.

II.     **Legal Standards**

A.  **The False Claims Act**

The FCA permits private persons, known as relators, to bring suit "for the person and for the United States Government" against "[a]ny person" who defrauds the government. 31 U.S.C. §§ 3729(a), 3730(b)(1)). If the suit is successful, the relator is entitled to a share of the recovery.

*Id.* § 3730(d). Claims brought pursuant to the FCA must satisfy Rule 9(b)'s heightened standard of pleading with particularity. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 194 (4th Cir. 2022).

**B. Motions for Early Discovery**

In general, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The United States agrees with Relator that courts in the Fourth Circuit have generally applied a good cause standard when considering a request for discovery prior to the Rule 26(f) conference. *See, e.g., Allen v. City of Graham*, No. 1:20CV997, 2021 WL 2037983, at *6 (M.D.N.C. May 21, 2021) (collecting cases). A court should consider "the totality of the circumstances," and may in its discretion utilize a five-factor test for analyzing whether a party has shown good cause for early discovery: "(1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made." *Id.*

**III.    Argument**

**A. The Government Did Not Collect the Claims Data Relator Seeks.**

Relator did not confer with the United States prior to filing her motion, in violation of L.R. 7.02 (duty to consult before filing any motion). Nor did Relator attach a proposed subpoena to her motion. Accordingly, for purposes of this motion the Government must accept Relator's representations that she seeks to "obtain data compiled from [the Government's] investigation of Relator's complaint;" "merely seeks claims data already compiled by the United States;" and seeks "nothing from the Government that has not already been done." Mot. at 1, 3. The United States

3

understands "claims data" to refer to data relating to claims for payment submitted to the United States for services provided to beneficiaries insured by a federal healthcare program (e.g., Medicare).[1]

With regard to the second and fourth factors in the good cause analysis—the discovery request's breadth and the burden to comply with the discovery request—the Government agrees that a subpoena seeking solely claims data previously compiled during the Government's investigation would be narrow and would not present a high burden to the United States. However, the Government did not collect any claims data during its investigation of Relator's claims and therefore has no such data already compiled. Accordingly, there is little utility in issuing a subpoena for such claims data, and the Court's inquiry should end here. Nevertheless, the United States provides its analysis of the remaining three good cause factors for the Court's reference.

**B. Relator's Subpoena to the United States Would Serve an Improper Purpose.**

The third factor in the good cause analysis looks to the purpose for requesting early discovery. Relator represents that the claims data obtained through early discovery will be "used in drafting and serving an amended complaint." Mot. at 2. Relator argues that this factor weighs heavily in her favor because her request is "to ensure this action is not bogged down in a purely academic debate about the pleadings." Mot. at 3. However, the threshold question of whether a

---

[1] In her second motion for an extension of time to serve her complaint, in March 2024, Relator's counsel represented that it was "necessary to obtain data from the U.S. Department of Health and Human Service's Centers for Medicare and Medicaid Services (CMS) to properly plead an amended complaint," and that "CMS has been very responsive to Plaintiff-Relator's data requests . . . ." ECF No. 41, at 2. The Government presumes this is the same "claims data" Relator now requests leave to obtain via a subpoena to the United States for information from its investigative files.

relator can adequately allege sufficient detail to pass Rule 9(b)'s particularity requirement without resort to discovery from the United States is not "purely academic."

In a long line of cases, the Fourth Circuit has conveyed that courts should not permit relators to proceed to discovery if the relators cannot meet Rule 9(b)'s particularity requirement on their own. As early as 1999, the Fourth Circuit cautioned that the "clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery," and noted that a court should "hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial **prediscovery** evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784, 789 (4th Cir. 1999) (emphasis added).[2] Similarly, in *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 380 (4th Cir. 2008), the court held that a relator who insufficiently pled his claim should not be permitted to move forward with discovery, as "[t]his is precisely what Rule 9(b) seeks to prevent." *Accord United States ex rel. Elms v. Accenture LLP*, 341 F. App'x 869, 873 (4th Cir. 2009) (rejecting relator's argument that evidence supporting particularity was in the possession of the United States); *United States ex rel. Godfrey v. KBR, Inc.,* 360 F. App'x 407, 411 (4th Cir. 2010) (same).

Here, the Government has not reviewed Relator's forthcoming amended complaint and takes no position on whether she adequately alleges violations of the FCA with particularity. Nor is she necessarily required to allege information about particular claims in order to meet her burden. *See Nicholson*, 42 F.4th at 194 (relator can allege "a pattern of conduct that would

---

[2] The Fourth Circuit approvingly quoted this language as recently as 2022. *See Nicholson*, 42 F.4th at 194.

necessarily have led to submission of false claims"). However, to the extent that Relator believes claims data will aid in satisfying her Rule 9(b) requirements, it is not appropriate for Relator to use early discovery to subpoena that data from the United States. Because Relator's proposed early discovery subpoena to the United States serves an improper purpose, it does not meet the third good cause factor.

Relator argues that the facts she seeks to discover and allege in her amended complaint are "already known to the real party in interest," Mot. at 2. But whether the United States possesses information regarding the claims in Relator's complaint is the wrong inquiry. As the entity allegedly being defrauded, in every FCA action the United States can be expected to possess information about payments it has made. It would create a perverse incentive if relators were permitted to file FCA suits lacking in the required particularity and then "make an end run around the pleading requirements of Rule 9(b)" by using early discovery to obtain the necessary detail from the United States. *See Wilson*, 525 F.3d at 380.

Although Relator characterizes her subpoena request as "from one plaintiff to another plaintiff," this is inaccurate. Mot. at 4. As it has declined to intervene in this action, the United States is not a party to this litigation, though it remains a real party in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009). Indeed, if the United States was a party, Relator would not need leave to issue a non-party subpoena. Because it is a non-party, any subpoena issued to the Department of Justice for information or documents compiled from its investigation would be evaluated pursuant to the agency's regulations governing the disclosure of official agency information (i.e., *Touhy* regulations). Federal agencies may regulate the disclosure of information by their employees pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 461 (1951); *see also COMSAT Corp. v. National Science Foundation,* 190 F.3d 269, 278 (4th Cir.

1999) (when a government agency is served with a third-party subpoena, "[t]he decision whether to provide documents or employee testimony in response . . . is committed to agency discretion"). Although Relator argues that the Government "can move to quash or modify the subpoena," Mot. at 3, this misstates the *Touhy* process. If a litigant is dissatisfied with a federal agency's response to its subpoena, it must challenge the agency's action under the Administrative Procedures Act. *COMSAT*, 190 F.3d at 274; *United States v. Williams*, 170 F.3d 431, 434 (4th Cir. 1999).

**D. The Remaining Two Factors Also Weigh Against Granting Relator's Request.**

The first and fifth "good cause" factors relate to the posture and timing of a party's request for early discovery, and both weigh against Relator's request. *See Allen v. City of Graham*, No. 1:20CV997, 2021 WL 2037983, at *6 (M.D.N.C. May 21, 2021). With regard to the first factor, the absence of a pending preliminary injunction motion weighs against allowing early discovery. *See id.* (collecting cases). As one court explained, "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Teamworks Innovations, Inc. v. Starbucks Corp.*, No. 1:19CV1240, 2020 WL 406360, at *2 (M.D.N.C. Jan. 24, 2020).

With regard to the fifth factor—how far in advance of the typical discovery process the request is made—Relator's request is not a "modest departure," as she claims (Mot. at 4). She has not yet filed or served her complaint, and Defendants have not appeared in this action, rendering her motion for early discovery an *ex parte* request. "As the Fourth Circuit has explained . . . the Civil Rules do not denominate discovery motions as ones which may be heard *ex parte*." *Gibson v. Frederick Cnty., Maryland*, 610 F. Supp. 3d 742, 744 (D. Md. 2022) (quoting *In re Pruett*, 133 F.3d 275, 279 n.8 (4th Cir. 1997)) (internal quotation marks omitted). In *Gibson*, the court denied the plaintiff's *ex parte* request for early discovery "without first hearing from [the] [d]efendants,"

7

noting that Federal Rule of Civil Procedure 45 "explicitly require[s] notice to the opposing party" prior to being utilized in discovery. *Id.* *See also* 8A Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Usually leave to proceed before the Rule 26(f) conference should be granted only after notice to the other parties.").

Relator cites *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015), in support of her request. Mot. at 3. Yet in *Attkisson*, the court found that the fifth factor weighed against early discovery because "as a general rule, discovery proceedings take place only after the defendant has been served," and "presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." *Id.* at 161, 165 (denying request for early discovery).

## CONCLUSION

The United States respectfully requests that the Court deny Relator's Motion for Leave to Issue a Subpoena *Duces Tecum* to the United States.

    Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

ADAIR F. BOROUGHS
United States Attorney

By: s/Nancy G. Cote
Nancy Gunter Cote (#12530)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, S.C. 29201
Telephone (803) 929-3000
Email address: nancy.cote@usdoj.gov

JAMIE ANN YAVELBERG
DAVID WISEMAN
KIMBERLY FRIDAY
Attorneys, Civil Division
U.S. Department of Justice
175 N Street NE
Washington, DC 20002
Telephone: (202) 451-7655
Email address: Kimberly.i.Friday@usdoj.gov

*Attorneys for the United States of America*

July 30, 2024